IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARIBEL BARRERA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:25-cv-03160-N-BN |
| | § | |
| CITY OF IRVING, ET AL., | § | |
| | § | |
| Defendants. | § | |

**<u>NOTICE OF DEFICIENCY AND ORDER</u>**

Plaintiff Maribel Barrera filed a *pro se* complaint apparently alleging employment claims against the City of Irving and Alvin Rovinzon. *See generally* Compl. (ECF No. 3). The Court enters this order to address a deficiency relating to the fact that the complaint is written in Spanish and is not accompanied by a certified English-language translation. *See id.* No statute explicitly permits the filing of pleadings in federal courts in a language other than English. The Northern District of Texas has not adopted a local rule permitting the filing of pleadings in Spanish. The few federal courts that permit pleadings in Spanish require the pleadings to be accompanied by a certified English translation. *See Puerto Ricans for Puerto Rico Party v. Dalmau*, 544 F.3d 58, 67 (1st Cir. 2008); *Ramos-Baez v. Bossolo-Lopez*, 240 F.3d 92, 94 (1st Cir. 2001).

Considering these standards, Barrera must file an amended complaint in English or an English translation of her complaint with a certification of accuracy by **December 22, 2025**.

Barrera's motion for leave to proceed *in forma pauperis* (IFP) is also deficient. It does not include any information about Barrera's income or expenses. The IFP statute, 28 U.S.C. § 1915, "was designed to ensure that litigants would not be deprived of meaningful access to the federal judicial system due to their financial circumstances." *Bucklew v. St. Clair*, 2019 WL 2250886, at *2 (N.D. Tex. May 15, 2019) (citing *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)), *rec. accepted*, 2019 WL 2249718 (N.D. Tex. May 24, 2019). But, to gain access, "[a] litigant seeking IFP status must submit an affidavit identifying all assets he possesses, as well as a statement that he is unable to pay the necessary fees of bringing a federal civil action." *Smith-Garcia v. Harrison Cnty.*, 776 F. App'x 226, 227 (5th Cir. 2019) (per curiam) (citing 28 U.S.C. § 1915(a)(1)).

The Court must then examine the financial condition of the applicant to determine whether the payment of fees would "cause undue financial hardship." *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). "This entails a review of other demands on individual [applicants'] financial resources, including whether the expenses are discretionary or mandatory." *Id*. And, while "[t]he term 'undue financial hardship' is not defined and, therefore, is a flexible concept[,] ... a pragmatic rule of thumb contemplates that undue financial hardship results when prepayment of fees or costs would result in the applicant's inability to pay for the 'necessities of life.'" *Walker v. Univ. of Tex. Med. Branch*, 2008 WL 4873733, at *1 (E.D. Tex. Oct. 30, 2008) (citing *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S.

331, 339 (1948)); *see also Williams v. Louisiana*, 2017 WL 3124332, at *1 (M.D. La. Apr. 14, 2017) (noting that the applicable standard "requires a showing of more than an inconvenience to the applicant" (citations omitted)).

"[W]hether the litigant is 'unable to pay' the costs [associated with initiating a lawsuit also] … depend[s] in part on [the] litigant's actual ability to get funds from a spouse, a parent, an adult sibling, or other next friend." *Williams v. Spencer*, 455 F. Supp. 205, 209 (D. Md. 1978); *see Fridman v. City of New York*, 195 F. Supp. 2d 534, 537 (S.D.N.Y. 2002) ("In assessing an application to proceed in forma pauperis, a court may consider the resources that the applicant has or can get from those who ordinarily provide the applicant with the necessities of life, such as from a spouse, parent, adult sibling or other next friend." (citations and internal quotation marks omitted)); *accord Pisano v. Astrue*, 2012 WL 79188, at *2 (D. Mass. Jan. 10, 2012) (collecting cases).

A financial affidavit that is either "incomplete" or "internally inconsistent" is insufficient to find that a movant qualifies for leave to proceed IFP. *Muhammad v. La. Attorney Disciplinary Bd.*, 2009 WL 3150041, at *2 (E.D. La. Sept. 25, 2009) (citing *Watson v. Ault*, 525 F.2d 886, 891 (5th Cir. 1976) ("[W]here the in forma pauperis affidavit is sufficient on its face to demonstrate economic eligibility, the court should first docket the case and then proceed to the question … of whether the asserted claim is frivolous or malicious.")(collecting cases)).

Considering the standards set out above and to solicit information to

determine whether Barrera is entitled to proceed IFP, the clerk is directed to attach the form motion to proceed IFP for non-prisoners. Barrera must, by **December 22, 2025**, either file an amended IFP motion on the form provided with this order or pay the full filing fee of $405.

The Court cautions Barrera that failure to timely follow the directions in this order subjects this lawsuit to dismissal under Federal Rule of Civil Procedure 41(b).

**SO ORDERED.**

November 21, 2025

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE