IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARIBEL BARRERA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:25-cv-3160-N-BN |
| | § | |
| CITY OF IRVING, ET AL., | § | |
| | § | |
| Defendants. | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Maribel Barrera filed this *pro se* action on November 18, 2025. *See generally* Compl. (ECF No. 3). But Barrera (1) filed her complaint in Spanish without a certified English translation; and (2) submitted an incomplete motion to proceed *in forma pauperis* (IFP) (ECF No. 4). *See* First NOD at 1–2 (ECF No. 6).

On November 21, 2025, the Court ordered Barrera to address these deficiencies by December 22, 2025. *Id.* at 1, 3–4. Barrera subsequently filed an amended IFP motion (ECF No. 7) and additional attachments to support her complaint (ECF No. 8). On December 16, 2025, the Court notified Barrera that these additional attachments did not comply with the Court's November 21, 2025 Order—requiring her to file an amended complaint in English or with an English translation—and reminded her of the compliance deadline. *See* Sec. NOD (ECF No. 9).

Barrera's deadline for compliance with the NOD has passed, but she still has not filed an amended complaint in English or with an English translation.

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action sua sponte for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626 (1962)). The Court's authority under Rule 41(b) is not diluted by a party proceeding *pro se*, as "[t]he right to self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." *Wright v. LBA Hosp.*, 754 F. App'x 298, 300 (5th Cir. 2019) (per curiam) (quoting *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991) (quoting, in turn, *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. Nov. 1981)).

Barrera's failure to file an amended complaint in English or with an English translation has prevented this action from proceeding. Accordingly, the Court should dismiss Barrera's case without prejudice for failure to prosecute and failure to follow Court orders. *See, e.g.*, *Barrera v. Rovinzon*, 2025 WL 1171244, at *2 (N.D. Tex. Apr. 2, 2025), *rec. adopted*, 2025 WL 1170322 (N.D. Tex. Apr. 22, 2025) (dismissing plaintiff's action, in part, because plaintiff failed to comply with a court order requiring her to file an amended complaint in English or with an English translation).

## Recommendation

The Court should dismiss Barrera's case without prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute and failure to obey Court orders.

**SO RECOMMENDED.**

February 18, 2026.

_____

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE


## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996)*.